UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LARRY SHAW, an individual,<br><br>                Plaintiff,<br><br>    vs.<br><br>COLUMBIA CASUALTY COMPANY, an Illinois corporation,<br><br>                Defendant. | Case No. 8:17-cv-00311<br><br>**BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND CAUSE OF ACTION PURSUANT TO FRCP 12(b)(6)** |

## I. INTRODUCTION

On July 19, 2017, Plaintiff Larry Shaw ("Shaw") filed a complaint against Columbia Casualty Company ("Colombia") in Clay County District Court (Filing No. 1, Ex. 1, "Complaint"). On July 28, 2017, Columbia filed its Notice of Removal. (Filing No. 1.) Pursuant to a stipulation, this Court entered an Order on August 24, 2017 staying the action for eight weeks to allow the parties to settle. (Filing No. 6.) Those discussions did not result in a settlement.

## II. THE COMPLAINT

The Complaint alleges Shaw filed an action against Deseret Health Group and Rose Brook Care Center (collectively "Deseret") on November 21, 2014 in the District Court of Clay County, Nebraska, Case No. CI 14-86 ("Underlying Action"). Filing No. 1, Ex. 1, ¶ 5. The Underlying Action alleged intentional and negligent infliction of emotional distress. Filing No. 1, Ex. 1, ¶ 6. Counsel for Deseret withdrew and ceased all efforts to defend Deseret. Filing No. 1, Ex. 1, ¶ 7.

1

385465-1

Thereafter, Shaw filed an amended complaint in the Underlying Action with a demand for $100,000.00 in general damages. Filing No. 1, Ex. 1, ¶ 8. On April 13, 2016, the state district court entered a Summary Judgment Order in favor of Shaw and against Deseret in the amount of $100,000. Filing No. 1, Ex. 1, ¶ 9.

Columbia issued a Long Term Care Commercial and Professional Liability "claims-made" policy to Deseret Health Group for the period October 27, 2013 to October 27, 2014 ("Columbia Policy"). Filing No. 1, Ex. 1, ¶10; Ex. A. Although Shaw does not allege he was either an insured or third party beneficiary under the Columbia Policy, he nevertheless alleges a cause of action for the violation of the Unfair Insurance Claims Settlement Practices Act, Neb. Rev. Stat. §§ 44-1536 to 44-1544 (Reissue 2010) ("UICSPA"). Filing No. 1, Ex. 1, ¶ 19. Shaw claims Columbia violated the UICSPA as follows:

> a. in failing to adopt and implement reasonable standards for the prompt investigation and settlement of claims arising under the policy at issue;
> b. in not attempting in good faith to effectuate prompt, fair, and equitable settlement of Plaintiff's claim, in which liability has been determined;
> c. in not attempting in good faith to effectuate prompt, fair, and equitable settlement of Plaintiff's claim, in which coverage and the amount of loss are reasonably clear,
> d. in refusing to pay Plaintiff's claim without conducting a reasonable investigation;

*Id.*

Based on these allegations, Shaw seeks recovery from Columbia of the $100,000 judgment he obtained in the underlying action, plus attorney fees and costs.

### III. ARGUMENT

#### A. Legal Standard On A Motion To Dismiss

A complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). This standard does not require detailed factual

allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint need not contain detailed factual allegations, but must provide more than labels and conclusions; and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For the purposes of a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court must take all of the factual allegations in the complaint as true, but is not required to accept as true a legal conclusion couched as a factual allegation. *Id.*

### B. The UICSPA Does Not Allow A Private Right Of Action

In order to state a claim, the UICSPA must create a private right of action against Columbia. This Court has held the UICSPA does not create a private right of action under Nebraska law. *McShane Construction Co., LLC v. Gotham Insurance Co.*, Case No. 8:14-CV-419, 2016 WL 2764730 (D. Neb. March 29, 2016).

In *McShane*, the plaintiff filed a complaint against a subcontractor's insurer for, among other causes of action, violations of the Uniform Insurance Trade Practice Act and the UICSPA. Addressing both statutes, this court wrote:

> McShane's claim based on these statutes suffer the same fatal defect—neither create a private right of action. Under Nebraska law, the creation of a private right of action based on a statute is a matter for the legislature and not the courts. See *Professional Management Midwest, Inc. v. Lund Co.*, 826 N.W.2d 225, 233 (Neb.2012). *Id.* at *3.

The Eighth Circuit Court of Appeals affirmed. The court wrote: "'[T]he purpose of the Unfair Insurance Claims Settlement Practices Act is to set forth standards for the investigation and disposition of claims arising under policies issued to residents of this state,' and no private right of action is provided by the Nebraska legislature under this statute." *McShane Construction Co., LLC v. Gotham Ins. Co.,* 867 F.3d 923, 928 (8th Cir. 2017). The court concluded the cause

3

385465-1

of action was properly dismissed because it was not based on a private right of action and thus, failed to state a claim upon which relief can be granted. *Id.*

## IV. CONCLUSION

Because the UICSPA does not create a private right of action, Shaw cannot state a claim upon which relief can be granted. Columbia therefore respectfully requests the Court dismiss Shaw's second cause of action, without leave to amend.

                                              COLUMBIA CASUALTY COMPANY,
                                              Defendant


By: /s/ Gerald L. Friedrichsen
     Gerald L. Friedrichsen (#15898)
     FITZGERALD, SCHORR,
     BARMETTLER & BRENNAN, P.C.
     10050 Regency Circle, Suite 200
     Omaha, NE 68114-3794
     (402) 342-1000
     gfriedrichsen@fitzlaw.com
     ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October, 2017, I filed the foregoing Brief with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Robert M. Sullivan
747 N. Burlington Ave.
P.O. Box 309
Hastings, NE 68901

                                              /s/ Gerald L. Friedrichsen
                                              Gerald L. Friedrichsen

385465-1